sentenced for the fine imposed upon and for 60 days as additional punishment. There is no bill of exceptions in the record, the time for filing one having expired. We find no error in the record, and the judgment of the trial court is affirmed. Affirmed.

(92 South. 926)

WEEDEN v. COX. (8 Div. 879.) (Court of Appeals of Alabama. Feb. 2, 1922.) Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge. J. C. Roberts, of Florence, for appellee.

PER CURIAM. Appeal dismissed for want of prosecution.

(92 South. 927)

WHEAT v. STATE. (6 Div. 939.) (Court of Appeals of Alabama. Jan. 10, 1922.) Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. No bill of exceptions, and no error apparent of record. Affirmed.

(91 South. 927)

WHITE v. CITY OF BIRMINGHAM. (6 Div. 971.) (Court of Appeals of Alabama. Oct. 14, 1921.) Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

BRICKEN, J. Appeal dismissed.

(92 South. 927)

WHITE v. CITY OF TUSCALOOSA. (6 Div. 998.) (Court of Appeals of Alabama. Feb. 21, 1922.) Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge. S. H. Sprott, of Tuscaloosa, for appellee.

MERRITT, J. Affirmed on certificate.

(92 South. 927)

WHITE v. GREEN. (8 Div. 871.) (Court of Appeals of Alabama. Feb. 7, 1922.) Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge. R. E. Smith, of Huntsville, for appellee.

SAMFORD, J. Appeal dismissed.

(88 South. 927)

WHITTAKER v. STATE. (6 Div. 825.) (Court of Appeals of Alabama. Dec. 14, 1920.) Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge. J. Q. Smith, Atty. Gen., for the State

PER CURIAM. Appeal dismissed on motion of Attorney General.

(93 South. 927)

WIGGINS v. STATE. (1 Div. 457.) (Court of Appeals of Alabama. May 30, 1922.) Appeal from Circuit Court, Monroe County; John D. Leigh, Judge. John Wiggins was convicted of violating the prohibition law, and he appeals. Reversed and remanded. The evidence for the state tends to show that the defendant came by

the cotton patch where the two state witnesses were picking cotton,· and after picking around several rows with them asked if anybody wanted to buy any "shinney," saying that he had a quart and wanted $3 for it. No one bought. No one knew whether the bottle contained whisky or something else. There was some evidence that one of them bought whisky that night, but whether from the defendant or not does not appear. The defendant admitted the conversation, admitted that he had the bottle of kerosene with him at the time, but denied that at the time he had any whisky, or sold any. Hybart & Hare, of Monroeville, for appellant. The evidence was insufficient to sustain a conviction, and the court should have given the affirmative charge for the defendant. 88 South. 355; 89 South. 98; ante, p. 218, 90 South. 36; 90 South. 42; 90 South. 45. Harwell G. Davis, Atty. Gen. and Lamar Field, Asst. Atty. Gen., for the State. The affirmative charge cannot be considered, as it is not a part of the record, because not numbered or indorsed, or signed by the judge. Acts 1915, p. 815; Sharpley v. State, ante, p. 620, 93 South. 210.

MERRITT, J. The defendant was convicted of a violation of the prohibition laws and he appeals. The court has read and considered the evidence contained in this record, and we are of the opinion that the evidence was not sufficient to warrant a conviction. The general affirmative charge, requested by the defendant, should have been given. The judgment of conviction is reversed, and the cause remanded. Reversed and remanded.

(89 South. 927)

WILLIAMS v. STATE. (6 Div. 862.) (Court of Appeals of Alabama. May 17, 1921.) Appeal from Circuit Court, Jefferson County; William E. Fort,· Judge. Manly Williams, alias Emanuel Williams, was convicted of the larceny of an automobile, and he appeals. Affirmed. Harwell G. Davis, Atty. Gen., for the State. Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted of grand larceny, the theft of an automobile, and was sentenced to the penitentiary for a term of not less than six nor more than ten years. The bill of exceptions, which purports to set out all of the evidence, does not disclose any objections made or exceptions reserved to the testimony. A consideration of the testimony discloses ample evidence to warrant the conviction of the defendant. There appears to be no reversible error in the record, and the judgment of conviction is affirmed. Affirmed.

(89 South. 927)

WILLIAMS v. STATE. (6 Div. 861.) (Court of Appeals of Alabama. June 7, 1921.) Appeal from Circuit Court, Jefferson County; William E. Fort, Judge. Beddow & Oberdorfer, of Birmingham, for appellant. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. The record is without error, and the exceptions reserved are without merit. Affirmed. See, also, ante, p. 699, 89 South. 927.